USCA1 Opinion

 

 [NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1607 UNITED STATES, Appellee, v. CESAR CABRERA, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Lipez, Circuit Judge.      John F. Sullivan on brief for appellant. Margaret E. Curran, United States Attorney, Donald C. Lockhartand Stephanie S. Browne, Assistant United States Attorneys, onbrief for appellee.February 18, 2000   Per Curiam. After a careful review of the record and the submissions of the parties, we affirm. Appellant Cesar Cabrera ("Cabrera") contends his attorney below should have argued that Cabrera was subjected to a de facto arrest unsupported by probable cause, so the evidence subsequently seized from his car should have been suppressed (the record shows Cabrera's attorney did in fact advance this argument, so we will assume he means his attorney should have more fully developed the argument). He also contends that his attorney should have argued that a statement Cabrera made during a consensual search of his car, in which he admitted to ownership of the bag containing heroin, should have been suppressed because he had not yet been advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Since the district court held an evidentiary hearing, the factual record is fully developed and the only question presented is whether counsel should have presented (or better developed) these alternative legal theories. In such a case, we may consider ineffective assistance of counsel claims on direct appeal. United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991) (appellate court may elect to consider ineffective assistance of counsel claim on direct appeal "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an effective assistance claim"). Cabrera's first ineffective assistance of counsel claim fails because the substantive argument clearly would not have succeeded. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) ("Obviously, counsel's performance was not deficient if he declined to pursue a futile tactic."). At the point when the officer removed Cabrera's keys from the ignition, he was, according to the lower court's supportable factual findings, conducting a search to which Cabrera had consented. Cabrera does not directly challenge those factual findings, but even if he were to do so, we cannot see how he could establish clear error. See United States v. Jones, 187 F.3d 210, 214 (1st Cir. 1999) ("Where evaluations of witnesses' credibility are concerned, we are especially deferential to the district court's judgment . . . ."). Further, even if Cabrera had not consented to a search at that point, the officer would have been entitled to continue detaining Cabrera under Terry v. Ohio, 392 U.S. 1 (1968), given Cabrera's evasive and inconsistent answers to the officer's questions and his excessively disproportionate nervous response. Cabrera's contention that his attorney should have argued for suppression of the statement made during the search also fails. Cabrera was not in custody at the time, so the argument would have been futile. See Jones, 187 F.3d at 217- 18. Cabrera makes other vague allegations that his counsel failed to communicate effectively, failed to brief fully the suppression motion, and failed to investigate. To the extent these claims are understandable, the factual record does not support any of them to the extent necessary to show ineffective assistance. Affirmed. See 1st Cir. Loc. R. 27(c).